GORDON JUNIOR COLLEGE CHAPTER OF the AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, Plaintiffs,

v.

BOARD OF REGENTS OF the UNIVERSITY SYSTEM OF GEORGIA, Scott Chandler, Rufus B. Coody, Marie W. Dodd, Erwin A. Friedman, Thomas H. Frier, Jessie Hill, Jr., Julius Bishop, O. T. Ivey, Milton Jones, James B. Maddox, Eldridge W. MacMillan, Lamar R. Plunkett, John H. Robinson III, P. R. Smith, and W. T. Divine, Jr., Defendants.

Civ. A. No. CV79–1485A.

United States District Court, N. D. Georgia, Atlanta Division.

Feb. 21, 1980.

Levine & Meltz, Atlanta, Ga., for plaintiffs.

Alfred L. Evans, Jr., Senior Asst. Atty. Gen., Atlanta, Ga., for defendants.

### ORDER

ROBERT H. HALL, District Judge.

This action comes before the court on defendants' motion for judgment on the pleadings, for lack of federal court subject matter jurisdiction. The motion will be granted.

The plaintiff (hereafter called "the AAUP") is an unincorporated association of university professors and instructors who teach at Gordon Junior College. The College is a part of the University System of Georgia, subject to the Board of Regents of the University System, which is an arm of the executive branch of state government. The Board selects presidents for the colleges and universities in the University System, and has adopted various internal operating procedures for doing so.

The Board of Regents policy F–6 provides that in a search for a president the Board should receive advice and recommendations from a Presidential Search Committee, which is to be composed of faculty, alumni, students, and friends of the institution. The function of the Presidential Search Committee is to recommend persons to the Chancellor of the University System, who then makes his own recommendation to the Board of Regents, which then makes the ultimate decision in its sole discretion, having the power to disregard all recommendations made to it.

The complaint of the AAUP is that the administrative procedures and by-laws of the Board of Regents for selecting a college president were not followed by the Board in re-appointing as president of Gordon College a former president who had occupied an interim position elsewhere. Specifically, no Search Committee was used, and thus the faculty of Gordon College were not offered an opportunity to participate in the decision making process.

The AAUP has complained for injunctive relief on the ground that the Board's failure to follow its own administrative procedures denied the AAUP rights secured by the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. The claim is cast in these terms: "Thus, when the Board of Regents created for the faculty of Gordon Junior College, through its published policies and procedures, the settled expectation that the faculty would have an opportunity to participate in the selection of the president, who affects profoundly matters of salary, tenure, promotion, etc., of each faculty member, it created for them an entitlement, the arbitrary denial of which, constitutes a denial of 'property' and/or 'liberty' without due process of law."

Passing over other potential problems, such as the standing of the AAUP in this action, this complaint must be dismissed for lack of federal court jurisdiction. The AAUP has pointed to no portion of the federal constitution nor to any federal law which secures to it any right sought to be asserted here. This is the same sort of "purely local" dispute which the Fifth Circuit has ruled cannot be brought within federal court jurisdiction by mere invocation of the concepts of liberty and property protected by the Fourteenth Amendment. *McDowell v. Texas*, 465 F.2d 1342, 1346 (5th Cir. 1971). Accord, *Jones v. Diamond*, 594 F.2d 997, 1011 (5th Cir. 1979).

■ Not every injury inflicted by an agent of state or local government may be redressed in federal court under the Fourteenth Amendment and 42 U.S.C. § 1983. For example, one who alleged he had been defamed by the city police chief was held to have stated no claim for federal relief. Plaintiff's interest in his reputation was not a federally protected right: "Respondent . . . has pointed to no specific constitutional guarantees safeguarding the interest he asserts has been invaded. Rather, he apparently believes that the Fourteenth Amendment's Due Process Clause should *ex proprio vigore* extend to him a right to be free of injury wherever the State may be characterized as a tortfeasor. But such a reading would make of the Fourteenth Amendment a font of tort law to be superimposed upon whatever systems may already be administered by the States." *Paul v. Davis*, 424 U.S. 693, 700–701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). Such result was not authorized there, nor is it here.

The interest sought to be asserted by the AAUP here is too indirect and ephemeral to qualify for due process protection. We note that even had the Board of Regents followed the procedures in its by-laws and appointed a President's Search Committee, there is no requirement that any member of the AAUP be appointed to the committee. The AAUP asserts an "entitlement"; yet actually it and its members possessed no entitlement at all, but only a hope to have been included in a pool of persons whose advice and consultation was received before the ultimate decision was made totally within the discretion of the Board of Regents.

■ It is only a "significant property interest" which is protected by the Fourteenth Amendment. *Fuentes v. Shevin*, 407 U.S. 67, 87, 92 S.Ct. 1983, 1997, 32 L.Ed.2d 556 (1972). Accord, *Goss v. Lopez*, 419 U.S. 565, 576, 95 S.Ct. 729, 737, 42 L.Ed.2d 725 (1975). The cases cited by the AAUP are distinguishable, because in them the right was real and established, and its loss was painful. *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975) (ten day school suspension); *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (loss of prison good time credit); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) (loss of professorship despite de facto tenure); *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) (termination of parole); *Fuentes v. Shevin, supra,* (loss of goods through statutory prejudgment replevin); and *Goldberg v. Kelly,* 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) (loss of welfare benefits).

In contrast to the diaphanous right of "input" which the AAUP asserts here, "[T]he Fourteenth Amendment procedural protection of property is a safeguard of the security of interests that a person has already acquired in specific benefits. * * * To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than an expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth*, 408 U.S. 564, 576, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The AAUP has no such claim here.

Accordingly, the complaint must be dismissed for lack of federal jurisdiction. The AAUP's motion for oral argument is denied.